NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL RADMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-3147 (JLL) |
| ) | |
| TRANSUNION, EXPERIAN. EQUIFAX, ) | |
| AMERICAN AUTOMOBILE ) | OPINION |
| ASSOCIATION FINANCIAL SERVICES, ) | |
| MARY RADMIN, "XYZ CORP.," ) | |
| "JOHN" and "JANE DOE," ) | |
| ) | |
| Defendants. ) | |

**LINARES, District Judge.**

The instant matter comes before the Court on the December 11, 2007, motion of Defendant Mary Radmin ("Defendant" or "Mary") to dismiss [CM/ECF #8] the complaint brought against her by Joel Radmin ("Plaintiff" or "Joel"). Also before the Court at this time is Plaintiff's February 8, 2008, letter in response to this Court's January 30, 2008, Notice of Call for Dismissal. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion to dismiss is granted, and Plaintiff's request for an extension of time to serve Defendant American Automobile Association Financial Services ("AAA") is moot.

**INTRODUCTION**

Joel Radmin and Mary Radmin are residents of the State of New York who, as of August 2007, had entered into their third year of divorce proceedings in that State. (Am. Compl. ¶¶ 1-2,

10.) As of the filing of the instant motion, their divorce had not been finalized. (Pl. Opp. Br. at 7.)

Joel alleges in his Amended Complaint that Mary used his name, without his knowledge, to apply for a credit card with AAA on January 31, 2005. (Am. Compl. ¶ 11.) Based on this application, AAA issued a Visa card in Joel's name "to an address where Joel Radmin does not reside and to an individual who is not Joel Radmin." (Id. ¶ 12.) Mary is alleged to have used this AAA Visa card to incur indebtedness of approximately $20,000 without Joel's knowledge; furthermore, Mary made only "one or two minimal payments" on the card. (Id. ¶¶ 13, 14, 19.) Joel learned of the existence of the AAA Visa card when he was denied a mortgage on a New York property. (Id. ¶ 15.)

Plaintiff filed his initial Complaint with this Court on July 8, 2007, and filed his Amended Complaint on August 28, 2007. The Amended Complaint seeks to recover based on violations of 18 U.S.C § 1964 ("RICO"), identity theft under 18 U.S.C. § 1028(a)(7), fraud, and forgery against Defendant. Defendant responded to the Amended Complaint with the instant motion to dismiss (CM/ECF #8) on December 11, 2007. After this Court issued a sua sponte order to move the case or face dismissal with respect to other defendants on January 30, 2008, Plaintiff informed the Court that Defendants Transunion, Experian, and Equifax had been voluntarily dismissed. (Pl. Letter of Feb. 8, 2008.)

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

inferences in favor of the non-moving party.[1] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id.  Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims.  Scheuer, 416 U.S. at 236.  With this framework in mind, the Court turns now to Defendant's motion: Defendant moves to dismiss based on (1) the absence of a private right of action under many of the criminal statutes mentioned in the Amended Complaint; (2) failure to state a claim under RICO; and (3) the doctrine of abstention.

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Prior to examining the Defendant's motion in detail, however, the Court pauses to note that some of the issues presented by Defendant do not require detailed discussion. Plaintiff concedes that he attempts to bring no civil claim under any of the criminal statutes mentioned in the Amended Complaint. (Pl. Opp. Br. at 5.) This Court will, therefore, devote no further attention to this argument. Second, in the section of her brief entitled "FACTS," Defendant states that she seeks to dismiss the Amended Complaint on grounds of subject matter jurisdiction and "failure to state claims upon which relief may be granted." (Def. Br. at 6.) The substance of her legal arguments do not, however, address either issue with respect to the common law claims, and fail to address the issue of subject matter jurisdiction entirely. In the face of absent arguments, this Court cannot, like Hamlet, "eat the air, promise-crammed:" litigants must provide more meat on an issue than a mere description of the general legal theory, such as subject matter jurisdiction, leaving the court to divine its application to the case. William Shakespeare, Hamlet, act 3, sc. 2. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Furthermore, mentioning an issue in passing does not bring it properly before a court. See Laborers' Int'l Union of North America, AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (discussing arguments in appellate brief). Here, Defendant has merely peppered the introductory section of her brief with arguments she elected not to support with law or analysis. (Def. Br. at 6.) This Court will, therefore, treat Defendant's motion as one to dismiss based only on abstention and for failure to state a RICO claim.

I.   **Abstention**

Defendant argues that this Court should abstain under the doctrine of Younger v. Harris, 401 U.S. 37 (1971), because the matrimonial proceedings ongoing between Joel and Mary Radmin in the State of New York implicate such an important state interest that the comity between the state and federal courts would be disturbed by the instant matter. (Def. Br. at 9.) Plaintiff responds with the contention that this case will not interfere with the issues of equitable distribution under litigation in New York. (Pl. Opp. Br. at 7-8.)

"Three requirements must be met before Younger abstention is appropriate: (1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the claims." Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005). In the instant matter, part of the first prong for Younger abstention is clearly satisfied: Plaintiff admits in his response papers to Defendant's motion that his case in this Court "will in no way impede the New York Supreme Court matrimonial action, the sole issue of which is equitable distribution of certain assets." (Pl. Opp. Br. at 7.) Plaintiff is clearly involved in a legal proceeding in state court against Defendant.

The remainder of the first Younger prong is the issue of interference. Taking Plaintiff's contention that asset distribution is the sole issue before the New York Supreme Court in the divorce action, it is difficult for this Court to comprehend why this pending cause of action would not affect said distribution. While neither party squarely addresses this issue, it is apparent that New York's law of equitable distribution considers such issues as dissipation and transfer of assets in equitable distribution decisions. N.Y. Domestic Relations Law § 236(B).

Clearly there is the potential for interference, and Defendant claims as much in her brief: that this action is, in essence, an end-run around the outcome of the New York equitable distribution proceedings. (Def. Br. at 9.) The first prong is, therefore, met.

The second prong in the Younger abstention analysis requires that the ongoing state proceedings implicate important state interests. Yang, 416 F.3d at 202. Matrimony and divorce are, indeed, traditional and important state interests. The Third Circuit recognized this proposition in the Younger context in Yang v. Tsui, where it found abstention inappropriate in the context of a federal Hague Convention action paralleling state custody proceedings. 416 F.3d at 203-04. In Yang, the District Court had abstained from ruling on a Hague Convention petition, stating that "it is well-settled that family law is an important state interest, and federal courts should defer to state primacy . . . not only out of comity but also because the state is often more expert than are [federal courts] at understanding the implications of each decision in its practiced field." 416 F.3d at 204. The Third Circuit concurred in general with this statement, noting that "[a]lthough the District Court is correct that domestic relations are traditionally the domain of state courts, the District Court neglected to consider that Yang's Petition was not one for custody, but rather one for return of a child under the Hague Convention and ICARA, which is a federal statutory matter." Id. While child custody is clearly an issue of greater state interest than distributing assets, this Court finds that the postmarital distribution of assets according to a legal framework determined primarily by state law clearly implicates important state interests regarding the institution of marriage, upon which federal courts should be loathe to impinge. Additionally, however, despite noting this important state interest, the Yang court found abstention inappropriate because of the strong federal interest in a federal forum for federal

statutory issues. Id. Contrariwise, this Court finds infra that Plaintiff's federal RICO claims would suffer dismissal in the absence of abstention, and here the important state interest and need for federal-state judicial comity results in the second prong of the Younger analysis being met.

The third prong of Younger abstention requires that plaintiff could have raised the issues in state court. Yang, 416 F.3d at 202. Here, the pending state court action is in New York's court of general trial jurisdiction, the New York Supreme Court. (Pl. Opp. Br. at 7.) It is well-settled that federal civil RICO claims do not fall under the sole jurisdiction of the federal courts. Tafflin v. Levitt, 493 U.S. 455, 458 (1990); Becher v. Feller, No. 19207/07, 2008 WL 2219888, at *1 (N.Y. Sup. Ct. May 29, 2008). Plaintiff, therefore, is already before a court competent to hear her federal RICO claims, and the third element of Younger abstention has been met.

Having found that the three prongs of Younger abstention have been met in this case, this Court finds that abstention would be appropriate unless "the plaintiff establishes that extraordinary circumstances exist . . . such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (internal quotation omitted). Here, Plaintiff has submitted no such argument to the Court concerning extraordinary circumstances, and this Court further finds that its examination of the arguments concerning the federal RICO claims at stake indicates a very weak federal interest. In sum, given that this matter, as presently constituted, involves two New York residents currently engaged in a divorce property distribution proceeding in that state, abstention is appropriate in this case, and it is hereby dismissed with prejudice. Lui v. Commission on Adult Enter. Establishments of the State of Del., 369 F.3d 319, 327 (3d Cir. 2004).

## II. RICO Claims

Defendant claims that Joel has not successfully plead either a RICO enterprise or conspiracy as required by 18 U.S.C. § 1964. (Def. Br. at 8.) Specifically, Defendant claims that the Amended Complaint provides insufficient factual support for the proposition that an enterprise existed that was separate from Mary Radmin. (Id.) Plaintiff argues that the Amended Complaint that the enterprise plead is the "use of defendant AAA by the defendant [Mary] Radmin." (Pl. Opp. Br. at 7-8.) Given that this Court has found abstention to be appropriate in the instant action, this analysis is provided solely to underpin the reasoning employed regarding second prong of the Younger analysis supra.

### A. RICO Counts One and Two

"In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). In order to successfully plead a RICO enterprise within this Circuit, a plaintiff must plead (1) an ongoing organization with a decision-making structure, (2) that the different parts of the enterprise functioned as a continuous unit, furthering the activities of the organization, and (3) that the enterprise is distinct from the pattern of activity alleged. United States v. Console, 13 F.3d 641, 651-52 (3d Cir. 1993). Furthermore, Defendant is correct in its assertion that a RICO enterprise must be distinct from the persons against whom a RICO claim is brought. Cedric Kushner Prods., Ltd. v. King, 533 U.S. 158, 161 (2001).

Plaintiff's Amended Complaint states the following in Count One: "Mary Radmin is an individual 'person' . . . who constituted an 'enterprise' associated with and/or participated in mail and wire fraud." (Am. Compl. ¶ 48.) Plaintiff's Count One, therefore, is clearly plead contrary

to Cedric Kushner Productions, Ltd. v. King, and would therefore be dismissed as to Defendant were this Court not abstaining. Furthermore, Count Two of the Amended Complaint rests on the same enterprise pleading as Count One. (Am. Compl. ¶ 53.) As a RICO conspiracy requires the pleading of a RICO enterprise, United States v. Phillips, 874 F.2d 123, 128 n.4 (3d Cir. 1989), absent abstention, Count Two of Plaintiff's Amended Complaint must also be dismissed as to Defendant.

        **B.    RICO Count Three**

With respect to Count Three of the Amended Complaint, Plaintiff alleges a different enterprise: an association-in-fact consisting of himself, Mary, and AAA, whereby Mary and AAA engaged in a pattern of racketeering activity with the common purpose of depriving Joel of money. (Am. Compl. ¶¶ 57-68.) This Court fails to discern in Count Three any allegations of an enterprise beyond the pattern of activity alleged, thus failing to demonstrate the required enterprise under United States v. Console. 13 F.3d at 651-52. Plaintiff's clarification of the enterprise alleged in its Opposition Brief, that the enterprise is simply the use by Mary of the credit extended to her under Joel's name by AAA, serves to underscore this point. (Pl. Opp. Br. at 7-8.) While numerous transactions occurred between Mary and AAA, Plaintiff fails to plead an enterprise that existed beyond the application for a credit card by Mary and use of that card; while if, as alleged, the card was issued under Joel's name to a fictitious or fraudulent address, such behavior is reprehensible, it does not constitute a RICO enterprise. Count Three must be dismissed as to Defendant if this Court did not abstain.

**III.    Service of Process**

Given that this Court finds that it abstention is appropriate in this case, and that further

proceedings should take place in conjunction with the ongoing state proceedings, the issue of service of process concerning defendant AAA is moot.

## CONCLUSION

For the forgoing reasons, this Court grants the motion to dismiss of Defendant because it finds that abstention is appropriate, and further finds that the issue of an extension of time to serve process on American Automobile Association Financial Services is moot.  An appropriate Order accompanies this Opinion.


DATED: June 26, 2008                                      /s/ Jose L. Linares
                                                          United States District Judge